CORY D. WASHINGTON, Defendant Below-Appellant,
v.
STATE OF DELAWARE Plaintiff Below-Appellee.
No. 285, 2009.
Supreme Court of Delaware.
Submitted: September 28, 2009.
Decided: November 16, 2009.
Before STEELE, Chief Justice, JACOBS, and RIDGELY, Justices.

ORDER
HENRY DuPONT RIDGELY, Justice.
This 16th day of November 2009, it appears to the Court that:
(1) Defendant-Appellant Cory Washington appeals from his Superior Court conviction of delivery of heroin.[1] Washington contends that the Superior Court erred by denying his motion for judgment of acquittal because insufficient evidence was presented to prove he delivered heroin beyond a reasonable doubt. We find no merit to his argument and affirm.
(2) On August 28, 2008, two Wilmington Police Department officers in the Patrol Division, Officers Michael Spencer and Mackenzie Kirlin, were observing the corner of 3rd and Franklin Streets at about 1 p.m. Their patrol car was located on Broom Street, about two blocks away, but they observed the corner from their patrol car by video feed from Downtown Visions, a City of Wilmington street video monitoring system, of a video camera posted near 3rd and Franklin Streets.
(3) Officer Spencer testified that he observed a group of individuals standing at the corner of 3rd and Franklin Streets. Cory Washington, who was observed wearing a navy blue baseball cap, white T-shirt, blue jeans, and a distinctive silver watch, was part of this group of men. An unknown white male, later identified as Richard Koffenberger, approached the group of men. Koffenberger made a thumb-down signal to the group. In response, Washington motioned back to Koffenberger. Washington then walked half a block down Conrad Street, while Koffenberger followed shortly behind. About halfway down the block on Conrad, Washington bent down in the area of a vacant lot. Koffenberger gave Washington either $18 or $20 for two bags of suspected heroin. Washington and Koffenberger then walked away from one another.
(4) Throughout this time, police never lost sight of Koffenberger. Officers Spencer and Kirlin stopped Koffenberger in the vicinity of Second and Harrison Streets. Koffenberger did not have any drugs on his person. The officers observed a powdery substance on his nose and he appeared high. He told the officers that he had already snorted the substance he had purchased a few minutes earlier. Koffenberger described the bags that he purchased as clear plastic baggies inside of which was a light-blue wax paper enveloping a powdery substance. Koffenberger later testified that he had been an addict for thirteen years and was out to buy heroin. He also stated that after acquiring the bags, he looked at the contents and believed that they were actually heroin. On cross-examination, Koffenberger stated that what he actually purchased could have been ground up Oxycontin or Percocet because each of these other controlled substances has a similar opiate effect as heroin and that he would not have been able to tell the difference because he is "not a chemist or pharmacist."
(5) After stopping Koffenberger, Officers Spencer and Kirlin arrested Washington. At the time of his arrest, he had $278 in cash on his person. Officers searched the area near the transaction and found multiple bundles of drugs under a remnant of carpet. They recovered fifteen blue glassine bags each containing a tan powder that the medical examiner later determined to be a total of .31 grams of heroin.
(6) The New Castle County grand jury indicted Washington on the charges of possession with intent to deliver heroin ("PWITD"), delivery of heroin, and loitering. At the conclusion of the State's case-in-chief, Washington moved to dismiss the charges of delivery of heroin and loitering. The Superior Court reserved decision on that motion. After a two-day jury trial, the jury found Washington guilty of all charges. More than two weeks after the verdict, Washington filed a written motion for judgment of acquittal on the charge of delivery of heroin. The Superior Court denied Washington's motion for judgment of acquittal as untimely and sentenced Washington as follows: five years at Level V followed by six months at Level IV for PWITD; five years at Level V for delivery of heroin; and a fine of $300 for loitering. This appeal followed.
(7) We review the denial of a motion for judgment of acquittal de novo, considering whether any rational trier of fact, viewing the evidence in light most favorable to the prosecution, could find the defendant guilty beyond a reasonable doubt of all elements of the crime.[2] Further, this Court does not distinguish between direct and circumstantial evidence.[3] For purposes of this appeal, we will assume, without deciding, that Washington's motion was timely.
(8) Washington argues that the evidence is insufficient to prove delivery of a controlled substance. In Wright v. State,[4] this Court upheld a conviction based upon the testimony of a lay witness that the substance at issue was cocaine. There, the lay witness was an experienced drug dealer who stated that "he had bagged what [he] believed was cocaine based on its appearance, smell, and his two years of experience as a cocaine dealer."[5] The witness explained that he knew the substance at issue was cocaine because he could tell by the texture and smell and look of it, based upon his daily experience with the drug.[6] The witness also elaborated on the drug's appearance, calling it a "mixture of powder and chunks and [having] a `fuelly smell' like gasoline."[7] Appellant attempts to distinguish this case from Wright.[8]
(9) Despite Appellant's assertions, the lay witness testimony given by Koffenberger in this case, and the lay witness testimony in Wright are similar. Here, Koffenberger testified that he went to Wilmington that day for the purpose of purchasing heroin, and was an almost daily user of the drug for about 13 years. He described the packaging of the drugs he purchased as clear plastic baggies, inside of which were light blue wax paper-type bags that in turn contained the substance, and he confirmed that he looked at the drugs before ingesting them and believed that it was heroin. Koffenberger also stated on cross-examination that he "could not tell whether it was heroin or ground-up Percocet or Oxycontin" because he is "not a chemist or pharmacist" and they have similar opiate effects.
(10) This Court has acknowledged that a lack of direct, scientific evidence is not fatal to the State's case. In Seward v. State,[9] this Court said: "[t]he well established rule in Delaware is that direct evidence is not necessary to establish guilt, because `guilt may be proven exclusively through circumstantial evidence since this Court does not distinguish between direct and circumstantial evidence in a conviction context.'"[10] In Seward, this Court found persuasive the opinion of the Sixth Circuit Court of Appeals on this matter:
[i]llegal drugs will often be unavailable for scientific analysis because their nature is to be consumed. As a practical matter, therefore, the evidentiary rule urged by Schrock would insulate from prosecution a large class of unlawful acts involving illicit drugs when the government happens upon the scene too late to seize a sample of the substance. To our knowledge, no court has held that scientific identification of a substance is an absolute prerequisite to conviction for a drug-related offense, and we too are unwilling to announce such a rule. In view of the limitations that such a burden would place on prosecutors, and in accordance with general evidentiary principles, courts have held that the government may establish the identity of a drug through cumulative circumstantial evidence. So long as the government produces sufficient evidence, direct or circumstantial, from which the jury is able to identify the substance beyond a reasonable doubt, the lack of scientific evidence is not objectionable.[11] (11) Further verifying Koffenberger's testimony regarding the identity of the substance, the drugs that police found on Conrad Street were scientifically tested by the medical examiner and determined to be heroin.
(12) The State provided sufficient direct and circumstantial evidence[12] to permit a rational trier of fact, viewing the evidence in light most favorable to the prosecution, to find Washington guilty beyond a reasonable doubt of delivery of heroin. Accordingly, the Superior Court did not err in denying the motion for judgment of acquittal.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] 16 Del. C. § 4751.
[2] Brown v. State, 967 A.2d 1250 (Del. 2009).
[3] Morgan v. State, 922 A.2d 395, 400 (Del. 2007).
[4] 953 A.2d 188 (Del. 2008).
[5] Id.
[6] Id. at 190.
[7] Id. at 191.
[8] Id.
[9] 723 A.2d 365, 369-70 (Del. 1999).
[10] Id. at 369.
[11] Id. at 370 (quoting United States v. Schrock, 855 F.2d 327, 334 (6th Cir. 1988)).
[12] The State has cited other cases where the provided evidence was found sufficient to support a conviction. See, e.g., Fountain v. State, 2004 WL 1965196, at *2 (Del. Aug. 18, 2004) (The videotape shows two transactions, occurring within 10 minutes of each other, where Fountain spit objects out of his mouth, handed one to the other person, and received something in exchange. The fact that the second transaction involved the sale of crack cocaine (as established by Snipes' arrest and the seizure of the cocaine), could lead a reasonable juror to conclude that the first transaction also involved the sale of crack cocaine."); Seward v. State, 723 A.2d at 370 ("The drugs that tested positive as crack cocaine were the drugs found in the co-defendant Collins' mouth. There was testimony that Seward gave a small white chunky substance or pebbles to Collins, the co-defendant, shortly before Collins was arrested. There, therefore, was sufficient evidence identifying the substance Seward possessed as an illegal drug to uphold Seward's convictions.").